## Eaton & Prince Co. v. Minnie N. Foster, Executrix.

1. GUARANTY—*Upon Conditions—Failure of.*—Where a guarantor becomes such after the delivery of the note upon a condition, and the condition is not complied with, he is discharged.

Assumpsit, on contract of guaranty. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed October 22, 1896.

BANGS, WOOD & BANGS, attorneys for appellant.

An indorsement of guaranty presently made upon a promissory note, in consideration of a promise made at the time by the payee in the note to send a check for fifty dollars the next day, or at any designated time thereafter to the guarantor, is a valid and lawful consideration for so making such indorsement, and such indorsement so made will bind the indorser whether the said check is ever sent or the said fifty dollars is ever paid or not. Burnside v. Potts, 23 Ill. 411; Funk v. Hough et al., 29 Ill. 145; Cooke v. Murphy, 70 Ill. 96; Sanborn v. Benedict, 78 Ill. 309; Gage v. Lewis, 68 Ill. 604; Plumb v. Campbell, 129 Ill. 101; 1 Wait's Actions and Defenses, p. 93; 8 Wait's Actions and Defenses, p. 240, 241.

Where a promise is a consideration, a failure to keep the promise can not constitute a failure of consideration, unless there was such fraud shown in the transaction as to warrant a rescission. Gage v. Lewis, 68 Ill. 604; Richards v. Betzer, 53 Ill. 466; Leggat v. Sands A. B. Co., 60 Ill. 163; Brewer v. Christian et al., 9 Ill. App. 57.

Ela, Grover & Graves, attorneys for appellee; Samuel B. Foster, counsel *pro se.*

A condition that other sureties shall be obtained after the execution by the surety will release him where they are not obtained. Brandt on Suretyship and Guaranty, 403; Belleville Bank v. Bornman et al., 124 Ill. 200; Stricklin v. Cunningham, 58 Ill. 293; Knight v. Hurlburt, 74 Ill. 133; Rhode v. McLean, 101 Ill. 467; Edwards on Bills, 186.

Mr. Justice Waterman delivered the opinion of the Court.

Appellee signed upon the back of a promissory note a guaranty of the payment thereof.

The dispute in the court below was, first, whether this signing was without consideration, and after or before the note was delivered to the payee. The evidence as to this was contradictory, and we find no such preponderance in favor of appellant as would warrant a reversal of the verdict of the jury and judgment for appellee of the court below.

Appellant contends that proof of a consideration for the guaranty was made, it being certified that appellant was to pay fifty dollars therefor and to send his check for the same. It is evident that if fifty dollars was to be given, it was to be paid at once; having never been paid, there was no consideration for the guaranty, if it was made after the delivery of the note. Brandt on Guaranty and Suretyship, Sec. 403; Belleville Bank v. Bornman et al., 124 Ill. 205.

We find no error as to instructions.

The judgment of the Superior Court is affirmed.